[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner's Second Amended Petition dated May 2, 1991 alleges that his conviction on June 8, 1986 of Robbery First Degree, Conspiracy to Commit Robbery First and Possession of a sawed-off shotgun was obtained by virtue of perjured evidence and without the benefit of the testimony of Frank Biggs, an alleged participant in the crime. Biggs' whereabouts could not be determined in 1986, although trial counsel attempted to locate him. Biggs has since been found. He was tried and convicted of the same offense as petitioner and sentenced to prison for thirty-five (35) years. The petitioner claims that Biggs' testimony, if heard by the trier of fact in a retrial of petitioner's matter, would probably create a reasonable doubt and result in a "not guilty" finding.
In support of his claims, the petitioner presented Mr. Biggs at the habeas corpus hearing. According to him, he and Harris met in the law library at the Connecticut Correctional Institution at Somers in the summer of 1988. He testified that he did not know Harris prior to that time. After the meeting at the library, Biggs wrote a letter to his appellate attorney in which he stated that he participated in the offense and that Harris did not. Biggs claimed that he became "a Born Again Christian" and was willing to assume responsibility for his own mistakes. Biggs claimed that his religious conversion occurred while he was imprisoned. He went on to state that he would have testified at Harris' trial, which occurred prior to his imprisonment, had he been subpoenaed or otherwise had notice of it. Biggs has a criminal record of felony convictions besides the one that is the subject of this case.
The Court finds the testimony of Mr. Biggs to be incredible. No reasonable trier of fact would conclude any differently than did the jury which convicted the petitioner in June, 1986. Neither Biggs nor the petitioner could offer any reason why Colwell and/or Radcliff (the other participants in the crime) would falsely testify that Harris was also a participant. Harris did not testify during his trial in 1986.
The Court concludes that the petitioner has failed to sustain his burden of proof. The petition is ordered dismissed.
HON. HOWARD SCHEINBLUM Superior Court Judge CT Page 5413